## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUTH FAINE, VERNON FAINE, FRANK DEVITO, and HELEN DEVITO, | Civil Action No.    19-5729 |
| Plaintiffs, | |
| v. | |
| ZEP, INC., and DOW CHEMICAL CO., | **NOTICE OF REMOVAL** |
| Defendants. | |

**To:   THE CLERK OF THE COURT FOR THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Zep, Inc. ("Zep") removes the above-captioned action from the Supreme Court of the State of New York, Suffolk County, to the United States District Court for the Eastern District of New York.

**A.   THE UNDERLYING STATE COURT ACTION**

1.      On September 11, 2019, Plaintiff filed this action, captioned *Ruth Faine, Vernon Faine, Frank DeVito, and Helen DeVito v. ZEP, Inc., and Dow Chemical Co.*, Index No. 617868/2019, in the Supreme Court of the State of New York, County of Suffolk ("State Court Action"). Zep was served with a copy of the Summons and Complaint on September 16, 2019. A copy of the Summons and Complaint, filed on September 11, 2019 ("Complaint"), is attached as **Exhibit 1** pursuant to 28 U.S.C. § 1446(a).

2.      Plaintiffs allege that Ms. Faine and Mr. DeVito suffered personal injuries due to exposure to trichloroethylene ("TCE") cleaning solvents that were supplied by Zep and Dow Chemical Co. (collectively, the "Manufacturing Defendants"), and purchased and used by non-

party Associated Universities Inc., and used by non-party Brookhaven Science Associates, LLC at the Brookhaven National Laboratory ("BNL").  **Exhibit 1** at ¶¶ 28-35, 67.

3.      Plaintiffs allege that Ms. Faine was assigned to work at BNL from 1966-1995 and that she used TCE cleaning solvents including Power-Solv II, Aero-Solv II, and Triclene for her work activities.  *Id.* at ¶¶ 94-98.

4.      Plaintiffs allege that Mr. DeVito was assigned to work at BNL from 1962-1994 and that he used TCE cleaning solvents including Power-Solv II, Aero-Solv II, and Triclene for her work activities.  *Id.* at ¶¶ 123-27.

5.      Plaintiffs allege that Ms. Faine's and Mr. DeVito's exposure to TCE at BNL caused them to develop kidney failure, renal dialysis, and other consequential illnesses and injuries.  *Id.* at ¶¶ 121, 152.  These allegations serve as the basis for claims of: (1) negligence; (2) strict products liability for dangerously defective products; (3) strict products liability for failure to provide adequate warnings and use instructions; and (4) loss of consortium.

6.      Plaintiffs seek compensatory and punitive damages for each claim. **Exhibit 1** at ¶¶ 234-35, 254-55, 279-80, 294-95.

7.      Plaintiffs served Dow Chemical Co., which consents to and joins this removal, with a copy of the Summons and Complaint on October 2, 2019.

**B.      NOTICE OF REMOVAL IS TIMELY**

8.      Zep was served with a copy of the Summons and Complaint in the State Court Action on September 16, 2019.

9.      This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) and (c)(1), because it was filed with the United States District Court for the Eastern District of New York: (1) within 30 days of Zep's receipt of Plaintiffs' Complaint, and (2) within one year after the commencement of the action.

C.      **BASIS FOR REMOVAL: DIVERSITY**

10.     This action may be removed on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441(b) because there is complete diversity in this case and the amount in controversy exceeds $75,000.

11.     Plaintiffs Ruth Faine and Vernon Faine are citizens of New York. **Exhibit 1** at ¶ 1.

12.     Plaintiffs Frank DeVito and Helen DeVito are citizens of New York. *Id.* at ¶ 3.

13.     Zep is a Delaware corporation with its principal place of business in Atlanta Georgia. Accordingly, Zep is a citizen of Delaware and Georgia.

14.     Dow Chemical Co. is a Delaware corporation with its principal place of business in Midland, Michigan. Accordingly, Dow Chemical Co. is a citizen of Delaware and Michigan.

15.     The amount in controversy exceeds $75,000. *Id.* at 234-35, 254-55, 279-80, 294-95.

16.     Therefore, this action may be properly removed pursuant to 28 U.S.C. § 1441(a).

D.      **BASIS FOR REMOVAL: FEDERAL QUESTION**

17.     This action must be removed on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1441(a) because Plaintiffs' alleged personal injuries occurred within a federal enclave where the United States exercised all power and authority.

18.     The United States Constitution provides Congress with exclusive jurisdiction over property "purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, magazines, Arsenals, dock-Yards and other needful Buildings," which are known as federal enclave areas. *Sundaram v. Brookhaven Nat. Labs.*, 424 F. Supp. 2d 545, 569 (E.D.N.Y. 2006) (citing U.S. Const. art. 1, § 8, cl. 17).

19.     This Court has recognized that the United States has exclusive federal jurisdiction in federal enclave areas, and that it is a form of federal question jurisdiction. *Tardd v. Brookhaven Nat. Lab.*, 407 F. Supp. 2d 404, 418 (E.D.N.Y. 2006).

20.     This action is a civil suit for personal injuries resulting from Ms. Faine's and Mr. DeVito's alleged exposure to toxic substances while working at the BNL from 1966 – 1995 and 1962-1994, respectively.

21.     BNL is a federal enclave. *Sundaram*, 424 F. Supp. 2d at 570 ("There is no dispute that Brookhaven National Laboratory is a federal enclave to which the doctrine applies. The United States purchased the property from the State of New York under a Deed of Cession of Jurisdiction dated July 17, 1933 signed by the Governor of New York, Herbert H. Lehman, and authorized by law enacted by the state legislature.  The Deed granted jurisdiction over the property to the United States."); *see also Brookhaven Sci. Assocs., LLC v. Donaldson*, 2007 WL 2319141, at *8 (S.D.N.Y. Aug. 9, 2007) (holding that BNL is a federal enclave).

22.     Personal injury actions that arise from incidents occurring in federal enclaves may be removed to federal district court as part of federal question jurisdiction. *Akin v. Ashland Chemical Co.,* 156 F.3d 1030, 1034 (10th Cir. 1998); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) ("Federal courts have federal question jurisdiction over tort claims that arise on federal enclaves.") (citation and internal quotation marks omitted).

23.     Therefore, this action may be properly removed pursuant to 28 U.S.C. § 1441(a).

## E.     REMOVAL TO THIS DISTRICT IS PROPER

24.     Venue is proper in this Court.  In addition to the jurisdictional reasons stated above, this Court is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  The state court action is currently pending in the Supreme Court of the State of New York, Suffolk County.

25.     Promptly after the filing of the Notice of Removal, a true and correct copy of the notice will be served on Plaintiffs pursuant to 28 U.S.C. § 1446(d), and Zep will file a Notification of Filing of Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Suffolk, which will include a copy of this Notice of Removal.

26.     A true and correct copy of the Supreme Court's docket and file for the subject litigation is attached as **Exhibit 2**.

27.     Zep and Dow Chemical Co. reserve all defenses and objections to the Complaint, including, but not limited to: (1) denying the material allegations contained therein, that Plaintiffs states any claim for which relief may be granted, and that Plaintiffs have been damaged in any manner whatsoever; and (2) asserting that the action is barred by the applicable statute of limitations.

28.     Zep reserves the right to amend or supplement this Notice of Removal as necessary and appropriate.

29.     If a question arises as to the propriety of the removal of this action, Zep requests the opportunity to present further briefing in support of its position that this case is removable.

WHEREFORE, Zep removes this action from New York State Supreme Court, Suffolk County, to the United States District Court for the Eastern District of New York.


Dated: October 10, 2019
        New York, New York

                                        WALSH PIZZI O'REILLY FALANGA LLP

                                        By:   _____
                                              Selina M. Ellis

                                        140 Broadway, 46th Floor
                                        New York, New York 10005
                                        (212) 380-1043

- 5 -

*Of Counsel*:

Kathy Condo, Esquire
PA I.D. No. 34910
*To be admitted pro hac vice*
Joshua S. Snyder, Esquire
PA I.D. No. 315845
*To be admitted pro hac vice*
Two Gateway Center, 7th Floor
Pittsburgh, PA 15222

*Counsel for Defendant Zep, Inc.*